UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:10-CV-23023-JLK

DAVID KARDONICK,

    Plaintiff,

vs.

CITIGROUP, INC., CITICORP USA, INC.,
and CITIBANK SOUTH DAKOTA, N.A.,

    Defendants.

_____/

## ORDER DENYING MOTION TO COMPEL ARBITRATION

**THIS CAUSE** comes before the Court upon Defendants' Citigroup Inc., Citicorp USA, Inc., and Citibank South Dakota, N.A.'s (collectively referred to as "Defendants") Motion to Compel Arbitration (DE # 11).[1]

Plaintiff's lawsuit alleges claims based on his enrollment in Credit Protector ("Credit Protector" or "Credit Protection"), a debt deferral/cancellation program in connection with his Citibank credit card account ("Citi Card"). Defendants' petition this Court under Section 4 of the Federal Arbitration Act ("FAA") for an order compelling Plaintiff to move this proceeding to arbitration in the manner provided for in Plaintiff's credit card agreement ("Agreement"). 9 U.S.C. § 4. Plaintiff concedes that the Citi Card Agreement contains a mandatory arbitration provision, but contends that there are deficiencies in the Agreement that when read as a whole,

---

[1]Plaintiff filed its Response (DE # 16) on November 11, 2010. Defendants filed its Reply (DE # 18) on November 29, 2010.

1

make the arbitration provision unenforceable. In this Order the Court addresses: (A) Whether Florida or South Dakota law applies; and (B) whether the arbitration provision and its unseverable class action waiver are unconscionable under the applicable law. After careful review, the Court finds the arbitration provision unconscionable and therefore denies Defendants' Motion to Compel Arbitration.

A.  **Choice of Law Analysis**

The parties disagree on which state's law applies: Defendant contends South Dakota law applies and Plaintiff asserts Florida law controls. South Dakota is the law specified by the Agreement. (DE # 11-3 at 3) ("Federal law and the law of South Dakota, where we are located govern the terms and enforcement of this Agreement.") Florida law, on the other hand, is the law of the forum state.

To resolve this dispute, the Court must undertake a choice of law analysis. The Court applies the choice of law rules of the state where the case is filed, in this case, Florida. *See, e.g., U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 550 F.3d 1031, 1033 (11th Cir. 2008). "Florida courts traditionally have applied the doctrine of *lex loci contractus* and held that the law of the state where the contract was made or to have been performed governs the interpretation of the contract. . . . Under the public policy exception, Florida courts depart from the rule of *lex loci contractus* 'for the purpose of necessary protection of [Florida] citizens [and to enforce] some paramount rule of public policy." *Id.* (Citations omitted). "Generally, Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc., v. E.I., DuPont de Nemours and Co.*, 761 So. 2d 306, 311 (Fla. 2000) (citations omitted). Here, although South Dakota's unconscionability standard differs slightly

from Florida, it is not sufficient to demonstrate that Florida public policy would be contravened by its application. Because Plaintiff's claims do not fall within the narrow public policy exception, Plaintiff is bound by the choice-of-law provision in the Agreement. Therefore the Court applies South Dakota substantive law in the interpretation of Plaintiff's claims.

**B.    South Dakota Law**

The FAA embodies a strong policy in favor of enforcing valid arbitration agreements. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000). Under the FAA, a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996). State law may be applied to determine the validity of an arbitration agreement if the law at issue governs contracts generally and not arbitration agreements specifically. *Id.* at 687.

Here, Plaintiff generally asserts that, under South Dakota law, the arbitration provision in its Agreement is both procedurally and substantively unconscionable.[2] Regarding substantive unconscionability, Plaintiff assert that the class action waiver contained in the Agreement's arbitration provision makes the arbitration provision substantively unconscionable. If forced to abide by the class action waiver, Plaintiff must proceed on an individual basis. Plaintiff alleges that he would not be able to find legal representation and would be unable to bear all the costs

---

[2] Plaintiff makes numerous other arguments, such as the unavailability of an arbitral forum. Because the Court finds the arbitration provision unconscionable, the Court does not address Plaintiff's other contentions.

3

and fees associated with the action itself. As the class action waiver cannot be severed from the arbitration provision, Plaintiff argues that the arbitration provision in its entirety is rendered unenforceable.

A form contract, is not *per se* procedurally unconscionable. *See Rzenboom v. NW. Bell Tele. Co.*, 358 N.W. 2d 241, 245 (S.D. 1984). "In determining whether a contract is an unenforceable contract of adhesion, this Court looks not only at the bargaining power between the parties but also at the specific terms of the agreement. Thus we focus on both 'overly harsh or one-sided terms,' *i.e.*, substantive unconscionability; and how the contract was made (which includes whether there was meaningful choice), *i.e.*, procedural unconscionability." *Nygaard v. Sioux Valley Hosp. & Health Sys.*, 731 N.W. 2d 184, 195 (S.D. 2007) (citations omitted). As part of that determination, South Dakota Courts look for unambiguous conduct evidencing acceptance of the terms of the agreement. *See Masteller v. Champion Home Builders, Co.*, 723 N.W. 2d 561 (S.D. 2006). With respect to substantive unconscionability, a contract is not substantively unconscionable under South Dakota law unless "the inequality of the bargain 'is such as to shock the conscience of the courts. . . .'" *Tsiolis v. Hatterscheidt*, 187 N.W. 2d 104, 106 (S.D. 1971).

With these principles in mind, the Court will address procedural unconscionability first, followed by substantive unconscionability. Here, relevant factors weigh in favor of finding that the arbitration provision is procedurally unconscionable. Plaintiff was issued his Citi Card in Ferbaruy 2009. A few months later, in May 2009, Plaintiff enrolled in the Credit Protection program over the telephone. Plaintiff did not receive his Credit Protection Welcome Kit from Defendants until after he enrolled. Even then, the Payment Protection Agreement was contained

in a single-spaced document, in small print, which did not address arbitration. (DE # 11-1.) Defendant contends that Plaintiff had meaningful choice at the time he opened his account and, later enrolled in Payment Protection, because Plaintiff never stated that he lacked other available credit opportunities besides opening a Citibank account. However, there is no indication in the record that the arbitration provision was reviewed by, much less pointed out to Plaintiff before he initially opened his account, or when he later enrolled for Payment Protection. Indeed, Plaintiff was not reminded to reference the terms of his Citi card Agreement–as the governing terms for Credit Protection– when he enrolled in the program. The Agreement was presented on a take-it-or-leave-it basis and Plaintiff had no opportunity to negotiate the terms of the arbitration provision.

Moreover, there is an obvious disparity in bargaining power and sophistication between Plaintiff and Defendants: This Agreement did not involve two corporations negotiating the terms of a deal; rather, Plaintiff had neither the knowledge nor the power to understand that he was waiving his right to a judicial forum or to articulate an objection to such a waiver. Finally, the Agreement was drafted by the bank and provided in single-spaced, small print, boilerplate language. While the first paragraph of the arbitration provision is in bold and all capital letters, the other paragraphs, which contain the details of the provision, are in standard type. Taking all of these factors together, the Court determines that Plaintiff has sufficiently demonstrated procedural unconscionability.

Turning to substantive unconscionability, applying South Dakota law yields the conclusion that the arbitration provision is also substantively unconscionable. First, although class action waivers are not per se unconscionable, they may operate in tandem with other factors

to cause the arbitration provision to be substantively unconscionable. Courts applying South Dakota law have struck down arbitration clauses with class bans. *See In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 250 (S.D.N.Y. 2005) ("A court may find unconscionability where a non-drafting party has no way of knowing a material fact") (citations omitted).

On these facts, there was no reasonable manner for Plaintiff to know that in failing to reject the arbitration provision, he was forfeiting his right to participate as a Plaintiff in this litigation, much less participate as a Plaintiff as a part of a class. Plaintiff's potential recovery is likely to be too small to convince an attorney to take this complicated case on a contingency fee basis. Furthermore, the fact that the arbitration provision allows for the arbitrator to award arbitration fees does not *guarantee* attorney's fees in this instance, nor does it provide an adequate incentive for an attorney to take the case. Each party still has to bear the cost of its attorneys, experts and witnesses during arbitration. *See, e.g., Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 (11th Cir. 2007) ("[T]he potential recovery of attorney's fees and litigation costs under O.C.G.A. § 13-6-11 does not provide the same incentive for an attorney to represent an individual plaintiff as the automatic, or likely, award of fees and costs available to a prevailing plaintiff [in other actions].").

Accordingly, after a careful weighing of all the relevant factors, the Court determines that the arbitration provision is both procedurally and substantively unconscionable, and therefore unenforceable. Thus, Defendants' Motion to Compel Arbitration is denied. After a careful review of the record, and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED and DECREED** that Defendant's Motion to Compel Arbitration (DE # 11) be,

and the same is hereby **DENIED.**

Defendant is ordered to file its answer to Plaintiff's Complaint within twenty (20) days of the date this Order is issued.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Courthouse in Miami, Florida, this 17th day of February, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **Plaintiff's counsel**

**Allan Kanner**
Kanner & Whiteley LLC
701 Camp Street
New Orleans, LA 70130

**Conlee S. Whiteley**
Kanner & Whiteley LLC
701 Camp Street
New Orleans, LA 70130

**Kenneth J. Grunfeld**
Golomb & Honik, PC
1515 Market Street, Suite 1100
Philadelphia, PA 19102

**Louis I. Mussman**
Ku & Mussman PA
11098 Biscayne Boulevard
Suite 301
Miami, FL 33161

**Michael Ryan Casey**
Kanner & Whiteley LLC
701 Camp Street
New Orleans, LA 70130

**Rachel Geman**
Lieff Cabraser Heimann & Bernstein LLP
250 Hudson Street
8th Floor
New York, NY 10013

**Randall K. Pulliam**
Carney Williams Bates Bozeman & Pulliam PLLC
11311 Arcade Drive
Suite 200
Little Rock, AR 72212

**Ruben Honik**
Golomb & Honik PC
1515 Market Street
Suite 1100
Philadelphia, PA 19102

**Brian Tse-Hua Ku**
Ku & Mussman PA
11098 Biscayne Boulevard
Suite 301
Miami, FL 33181

cc:     **Defendant's Counsel**

**Irene Oria**
Stroock & Stroock & Lavan, LLP
200 South Biscayne Boulevard
Suite 3100
Miami, FL 33131

**Julia B. Strickland**
Stroock & Stroock & Lavan
2029 Century Park East
Suite 1800
Los Angeles, CA 90067-3086